# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **CINDY MARIE AGUILAR** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendant State Farm Mutual Automobile Insurance Company ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.   Index of Matters Being Filed and List of All Counsel of Record;

2.   Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A.   Plaintiff's Original Petition, filed March 6, 2019 (attached as Exhibit 1-A);

   B.   Service to State Farm Lloyds on March 22, 2019 (attached as Exhibit 1-B);

   C.   Defendant's Original Answer, filed April 12, 2019 (attached as Exhibit 1-C);

   D.   Defendant's First Amended Original Answer, filed April 22, 2019 (attached as Exhibit 1-D);

3.   A copy of the state court docket sheet (attached as Exhibit 1-E).

The parties' respective attorneys are as follows:

      A.    ATTORNEYS FOR PLAINTIFF:

           Frank Guerra
           FRANK GUERRA LAW FIRM, PLLC
           1122 Pecan Blvd.
           McAllen, Texas 78501
           Phone: 956-627-1066

      B.    ATTORNEYS FOR DEFENDANT:

           Elizabeth Sandoval Cantu
           Fed. ID No. 310028/State Bar No. 24013455
           **RAMÓN | WORTHINGTON, PLLC**
           900 Kerria Ave.
           McAllen, Texas 78501
           Phone: 956-294-4800
           **ATTORNEY IN CHARGE FOR DEFENDANT**

           **Of Counsel:**
           Sofia A. Ramon
           Fed. ID No. 20871/State Bar No. 00784811
           Dan K. Worthington
           Fed. ID No. 15353/State Bar No. 00785282
           **RAMÓN | WORTHINGTON, PLLC**
           900 Kerria Ave.
           McAllen, Texas 78501
           Phone: 956-294-4800

Dated: April 22, 2019.

# EXHIBIT 1-A

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

CAUSE NO.: _____

| | | |
|---|---|---|
| **CINDY MARIE AGUILAR,** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO.** _____8_____ |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, REQUESTS FOR ADMISSIONS, REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Cindy Marie Aguilar hereinafter called Plaintiff, complaining of and about State Farm Mutual Automobile Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL – EXPEDITED ACTION

1.    Under TEX. R. CIV. P. 47(c)(4), Plaintiff affirmatively pleads that she seeks monetary relief under $50,000.00, including damages of any kind, costs, penalties, and prejudgment interest and attorney's fees, and intends that discovery be conducted under TEX. R. CIV. P. 190.2.

### II.

### REQUEST FOR DISCLOSURE, REQUESTS FOR ADMISSION, PRODUCTION OF DOCUMENTS AND INTERROGATORIES

2.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request or under Rule 194.3(a) 50 days after the service of this Petition, the information or material described in Rule 194.2.

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 1 of 36

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

3.      Pursuant to Rule 198 of the Texas Rules of Civil Procedure, you are requested to answer the request for admission in Exhibit "A" within 30 days of service of this request or under Rule 198.2(a) 50 days after the service of this Petition.

4.      Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are requested to produce the documents and items listed in the request for production in Exhibit "B" within 30 days of service of this request or under Rule 196.2(a) 50 days after the service of this Petition.

5.      Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are requested to answer the interrogatories in Exhibit "C" within 30 days of service of this request or under Rule 197.2(a) 50 days after the service of this Petition.

III.

PARTIES AND SERVICE

6.      Plaintiff, Cindy Marie Aguilar, is an individual whose address is 23455 Brushline Road, Edinburg, Texas 78542.

7.      The last three digits of the driver's license number of Cindy Marie Aguilar are 000. The last three digits of the social security number for Cindy Marie Aguilar are 000.

8.      Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a corporation and may be served with process through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

IV.

ACTS OF AGENTS

9.      Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that:

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

A.     Defendant performed or participated in the act, or

B.     Defendant's officers, trustees, employees, agents, representatives, or successors, performed or participated in the act on behalf of and under the authority of the Defendant.

V.

JURISDICTION AND VENUE

10.     The subject matter in controversy is within the jurisdictional limits of this court.

11.     This court has jurisdiction over the parties, as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

12.     Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because the contract made the basis of this lawsuit was executed and to be performed in Hidalgo County, Texas.

VI.

FACTS

13.     On October 18, 2018, Plaintiff was involved in an automobile accident wherein the person at fault was insured and policy limits were paid out by the at fault's insurance company. Plaintiff's medical bills were excessive due to her injuries and made it necessary for her to make a claim with her insurance carrier for the underinsured motorist portion of her policy.

14.     Plaintiff is being denied coverage under the underinsured portion of her coverage. Defendant failed to provide coverage to Plaintiff under her underinsured portion of her policy. Defendant has consistently delayed resolution of Plaintiff's claim and Plaintiff was not provided with a prompt resolution with her claim, as her insurer has acted in bad faith.

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

VII.

## PLAINTIFF'S CLAIM OF NEGLIGENCE & BAD FAITH
## AGAINST STATE FARM

15.     Defendant State Farm had a duty to exercise the degree of care that a reasonably

careful person would use to avoid harm to others under circumstances similar to those described

herein.

16.     Plaintiff's injuries were proximately caused by Defendant State Farm's negligent,

careless and reckless disregard of said duty.

17.     The negligent, careless and reckless disregard of duty of Defendant consisted of, but

is not limited to, the following acts and omissions:

    A.     Failure to allow Plaintiff to make a claim under her underinsured portion of

           her policy.

    B.     Defendant had a duty under the Texas Insurance Code to act in good faith in

           properly investigate the validity of her claim and promptly pay the necessary

           expenses on this claim.

VIII.

## PLAINTIFF'S CLAIM OF BREACH OF CONTRACT AGAINST STATE FARM

18.     Defendant's failure to perform its obligations under the underinsured clause of the

policy constitutes a material breach of a valid contract between Plaintiff and Defendant. All

conditions precedent were fulfilled prior to Defendant's material breach. Plaintiff has suffered

damages stemming from this material breach.

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

IX.

DAMAGES FOR PLAINTIFF AGAINST STATE FARM

19.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer damages, including but not limited to damages including loss of use of the vehicle, rental expenses, and medical expenses. A claim is being made against the underinsured portion of her policy. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, including, but not limited to, her whole body in general and to incur the following damages:

A.  Reasonable medical care and expenses in the past. Plaintiff, Cindy Marie Aguilar, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

B.  Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment, which in all reasonable probability, will be suffered in the future; and

G.  Lost wages.

Electronically Submitted
3/6/2019 11:25 AM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CL-19-1318-H**

X.

NOTICE PURSUANT TO Tex. R. Civ. P. 193.7

20.      Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Cindy Marie Aguilar, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
FRANK GUERRA LAW FIRM, PLLC
1122 Pecan Blvd.
McAllen, Texas 78501
Tel: (956) 627-1066
Fax: (956) 609-9028
Email: frank@frankguerralaw.com

By: _Frank Guerra_ _____
Frank Guerra
State Bar No. 24078601
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**CL-19-1318-H**

PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Please be advised that Plaintiff's "Movant", makes the following discovery requests upon you pursuant to Texas Rules of Civil Procedure 198.

I.

INSTRUCTIONS

1.      Pursuant to Rule 198, you are required to admit or deny the truth of each of the numbered requests set forth in the Requests for Admissions attached to this Request and serve your answers regarding the requests to the undersigned attorney's office within 30 days of service of this request or under Rule 198.2(a) 50 days after the service of these requests, if served with Plaintiff's Petition.

2.      You may give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny.

3.      If you cannot answer a Request for Admission, you must state the reason why you are unable to admit or deny that Request for Admission.

4.      If you do not admit the truth of the facts stated in the Request for Admissions, you must specifically set forth the reasons in detail why the request(s) cannot be truthfully admitted.

5.      Each matter for which an admission is requested shall be admitted unless your sworn response is served upon the undersigned attorney's office during the specified 30 days of service of this request or under Rule 198.2(a) 50 days after the service of these requests, if served with Plaintiff's Petition.

6.      Any answer which does not comply with the above cited Texas Rules of Civil Procedure will be admitted against you or in the alternative a Motion for Sanctions may be filed requesting

**CL-19-1318-H**

reimbursement for attorney's fees and other sanctions for your failure to answer completely any request of law or fact contained in this Request.

7.     If you deny a request and Movant thereafter proves the truth of that matter, you may be ordered to pay the costs of proof, including attorney's fees.

8.     The attorney of record or the party upon whom these requests are directed should sign his or her Name to the answers and return the Requests for Admissions and Answers to the following address: Frank Guerra Law Firm, LLC, 1122 Pecan Blvd., McAllen, Texas 78501.

9.     A true copy of these discovery requests is being served upon you as the party to be served in accordance with the provisions of Rule 21a.

10.    The Requests for Admissions which you are requested to answer to the undersigned law offices are listed as part of Exhibit "A".

11.    Your answers to the Requests for Admissions and Production of Documents should be answered in the space immediately following the request. If additional space is required, please continue the answer on a separate sheet of paper.

12.    Your answers should be signed by the party to whom they are directed. If the party is a public or private corporation, partnership or association, then the answer of the public or private corporation, partnership or association or trust should be signed by an officer or agent of the same and reflect his or her capacity in that organization.

13.    You and your attorney are under a duty to supplement your answers to this discovery request by amending your answers and serving a copy of the amended answers on the undersigned counsel before any hearing on a Motion for Summary Judgment or thirty (30) days before the commencement of trial of this matter.

**CL-19-1318-H**

a.      If you obtain information that may change or modify your answers or if the same was incorrect, modified or changed due to supplemental information received by you, your attorney or other parties under your control must supplement the answers as specified above.

II.

DEFINITIONS

As used in this list, the words defined below shall be deemed to have the following meanings unless indicated otherwise is an individual request or interrogatory:

**Discovery Request**:  The term "discovery request" includes, but not limited to, an Interrogatory, Requests for Admissions and Requests for Production of Documents.

**You:** The terms "you, your or yourself" refer to Defendant and each and every agent, representative, attorney, employee, contractor, subcontractor or each person acting or purporting to act on that party's behalf or under that party's control or direction.

**Representative:** The term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person in question.

**Person:**  The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department or any other entity.

**Document:** The term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any

memorandum or report of a meeting or conversation) invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, working paper, chart, paper, print, printout, from any and all computer disks, tape or records that may be produced from your computer or work processor, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control.  Documents include all non-identical copies of the above whether printed, recorded, reproduced by any mechanical means or produced by hand.  It includes letters, interoffice memos which are known by each to exist or should be ascertainable through due diligence.  All documents which are called for include those which are in your custody or control and are obtainable by or within the knowledge of the corporation or you individually.

**Communication:** The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever, made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons.

**Identification:** The term "identification," or "identify," or "identity," when used in this request include, but are not limited to the following:

1.  Natural individual, requires you to state his or her full name and residential address, business address(es), and telephone number;

2.  Document, requires you to state the number of pages and the nature of the document (e.g. letter of memorandum), its title, its date, the name or names of its authors and

recipients, and its present location and custodian;

3.      Communication, requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication was non-written, to identify the person participating in the communication and to state the date, manner, place, and substance of the communication.

**Identification of Documents:** With respect to each pleading request, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each pleading request and your answer to that request.

If any or all documents identified in this request are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document.

1.      Describe the nature of the document (e.g. letter or memorandum);

2.      State the date of the document;

3.      Identify the persons who sent and received the original and a copy of the document;

4.      State in as much detail as possible the contents of the document; and

5.      State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified in this request on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document:

1.      Describe the nature of the document (e.g. letter or memorandum);

2.      State the date of the document;

3.      Identify the person who sent and received the original and a copy

**CL-19-1318-H**

of the document;

4.      State the subject matter of the document; and

5.      State the basis upon which you contend you are entitled to withhold the document
from production.

**Contention Interrogatories:**   When a pleading request requires you to "state the basis of" a
particular claim, contention, or allegation, state in your answers the identity of each and every
communication, document and each and every legal theory that you contend supports, refers to, or
evidences such claim, contention or allegation.

**The Word "Or":** As used in this request, the word "or" appearing in a discovery request should not
be read so as to eliminate any part of the request but, whenever applicable, it should be interpreted as
"and/or." For example, an interrogatory stating "support or refer" should be read as "support and/or
refer" if an answer that does both can be made.

**Use of Definitions:** The use of any particular gender in the plural or singular number of the words
defined under "captions" or "definitions" is intended to include the appropriate gender or number as
the text of any particular interrogatory or demand for documents may require.

**Time Period:** Unless specifically stated in the particular discovery request, all information requested
is for the time period five (5) years prior to the date Plaintiff's Original Petition was filed, to the
present date.

**CL-19-1318-H**

### CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I have delivered copies of this document on the ~~27th~~ 5th

day of F~~ebruary~~ March, 2019, to all opposing counsel and/or parties by service of citation and Petition.


_____
Frank Guerra


PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS,
PRODUCTION & INTERROGATORIES – Page 13 of 36

CL-19-1318-H

## EXHIBIT A

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Admit or deny that Cindy Marie Aguilar purchased an automobile insurance policy from you.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit or deny that Cindy Marie Aguilar paid valuable consideration in the form of paid premiums for the automobile policy.

**REQUEST FOR ADMISSIONS NO. 3:**

Admit or deny that the automobile insurance policy provided coverage for Cindy Marie Aguilar on the date of the automobile accident made the basis of this suit on October 18, 2018.

**REQUEST FOR ADMISSIONS NO. 4:**

Admit or deny that Cindy Marie Aguilar had uninsured motorist coverage under your policy for the accident dated October 18, 2018.

**REQUEST FOR ADMISSIONS NO. 5:**

Admit or deny that Cindy Marie Aguilar was involved in an automobile accident with an uninsured driver on October 18, 2018.

**REQUEST FOR ADMISSIONS NO. 6:**

Admit or deny that Cindy Marie Aguilar provided you with notice of the automobile accident dated October 18, 2018.

**REQUEST FOR ADMISSIONS NO. 7:**

Admit or deny that Cindy Marie Aguilar entered a claim with you for an automobile accident that occurred on October 18, 2018.

**CL-19-1318-H**

**REQUEST FOR ADMISSIONS NO. 8:**

Admit or deny Cindy Marie Aguilar did not enter a claim with you for an automobile accident that occurred on October 18, 2018.

**REQUEST FOR ADMISSIONS NO. 9:**

Admit or deny that Cindy Marie Aguilar had rental car coverage as part of the automobile insurance policy Cindy Marie Aguilar purchased from you.

**REQUEST FOR ADMISSIONS NO. 10:**

Admit or deny that you did not provide rental car coverage or offer reimbursement as part of the automobile insurance policy Cindy Marie Aguilar purchased from you, for the accident that occurred on October 18, 2018.

**CL-19-1318-H**

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Please be advised that Plaintiff's "Movants" make the following discovery requests upon you pursuant to Texas Rules of Civil Procedure 196.

I.

INSTRUCTIONS

1. Pursuant to Rule 196, you are required to produce the documents and items listed herein to the undersigned attorney's office within 30 days of service of this request or under Rule 196.2(a) 50 days after the service of these requests, if served with Plaintiff's Petition.

2. The attorney of record or the party upon whom these requests are directed should sign his or her Name to the responses and return the Requests for Production Responses to the following address:  Frank Guerra Law Firm, PLLC, 1122 Pecan Blvd., McAllen, Texas 78501.

3. A true copy of these discovery requests is being served upon you as the party to be served in accordance with the provisions of Rule 21a.

4. The Requests for Production which you are requested to answer to the undersigned law offices are listed herein as part of Exhibit "B".

5. Your answers to the Requests for Production of Documents should be answered in the space immediately following the request.  If additional space is required, please continue the answer on a separate sheet of paper.

6. Your answers should be signed by the party to whom they are directed. If the party is a public or private corporation, partnership or association, then the answer of the public or private corporation, partnership or association or trust should be signed by an officer or agent of the same and reflect his or her capacity in that organization.

7.   You and your attorney are under a duty to supplement your answers to this discovery request

by amending your answers and serving a copy of the amended answers on the undersigned

counsel before any hearing on a Motion for Summary Judgment or thirty (30) days before

the commencement of trial of this matter.

a.      If you obtain information that may change or modify your answers or production, or

if the same was incorrect, modified or changed due to supplemental information received

by you, your attorney or other parties under your control must supplement the answers as

specified above.

b.      If you receive or know of additional documents which are included in the Request for

Production of Documents but were not produced to the undersigned attorney, you are

under a duty to produce those other discovery documents to the undersigned attorney as

soon as you learn that your answers on file are incomplete or no longer correct.

II.

DEFINITIONS

As used in this list, the words defined below shall be deemed to have the following meanings unless

indicated otherwise in an individual request or interrogatory;

**Discovery Request**:  The term "discovery request" includes, but is not limited to, an Interrogatory,

Request for Admissions and Requests for Production of Documents.

**You**:  The terms "you, yourself or yourself" refer to Defendant and each and every agent,

representative, attorney, employee, contractor, subcontractor of each person acting on purporting to

act on that party's behalf or under the party's control or direction.

**Representative**:  The term "representative" means any and all agents, employees, servants, officers,

**CL-19-1318-H**

directors, attorneys or other person acting or purporting to act on behalf of the person in question.

**Person**:  The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, department or any other entity.

**Document**:  The term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, working paper, chart, paper, print, printout from any and all computer disks, tape or records, working paper, chart, paper, print, printout from any and all computer disks, tape or records that may be produced from your computer or work processor, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control. Documents include all non-identical copies of the above weather printed, recorded, reproduced by any mechanical means or produced by hand.  It includes letters, interoffice memos which are known by each to exist or should be ascertainable through due diligence.  All documents which are called for include those which are your custody or control and are obtainable by or within the knowledge of the corporation or you individually.

**CL-19-1318-H**

**Communication**:  The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever, made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons.

**Identification**:  The terms "identification," or "identify," or "identity," when used in this request include, but are not limited to the following:

1.  Natural individual, requires you to state his or her full Name and residential address, business address(es), and telephone number.

2.  Documents, requires you to state the number of pages and the nature of the document (e.g. letter of memorandum), its title, its ate, the Name or Names of its authors and recipients, and its present location and custodian;

3.  Communication, requires you, if any part of the communication was written, to identify the document or documents which refer to evidence the communication was non-written, to identify the person participating in the communication and to state the date, manner, place, and substance of the communication.

**Identification of Documents**:  With respect to each pleading request, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each pleading request and your answers to that request.

If any or all documents identified in this request are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document.

1.  Describe the nature of the document (e.g., letter of memorandum);

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 19 of 36

CL-19-1318-H

2.  State the date of the document;

3.  Identify the person who sent and received the original and a copy of the document;

4.  State in as much detail as possible the contents of the document; and

5.  State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified in this request on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document:

1.  Describe the nature of the document (e.g., letter of memorandum);

2.  State the date of the document;

3.  Identify the person who sent and received the original and a copy of the document;

4.  State the subject matter of the document; and

5.  State the basis upon which you contend you are entitled to withhold the document from production.

**Contention Interrogatories**:  When a pleading request requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer the identity of each and every communication, document and each and every legal theory that you contend supports, refers to, or evidences such claim, contention or allegation.

**The Work "Or"**:  As used in this request, the word "or" appearing in a discovery request should not be read so as to eliminate any part of the request but, whenever applicable, it should be interpreted as "and/or."  For example, an interrogatory stating "support or refer" should be read as "support and/or refer" if an answer that does both can be made.

**Use of Definitions**: The use of any particular gender in the plural or singular number of the words

CL-19-1318-H

defined under "captions" or "definitions" is intended to include the appropriate gender or number as the text of any particular interrogatory or demand for documents may require.

**Time Period**:   Unless specifically stated in the particular discovery request, all information requested is for the time period five (5) years prior to the date Plaintiff's Original Petition was filed, to the present date.

**CL-19-1318-H**

### CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I have delivered copies of this document on the _5th_

day of February, 2019, to all opposing counsel and/or parties by service of citation and Petition.


_Frank Guerra_
Frank Guerra

**CL-19-1318-H**

## EXHIBIT B

## DOCUMENTS TO BE PRODUCED

1.    All photographs taken in connection with Plaintiff's cause of action in the possession constructive possession, custody or control of Defendant, State Farm Mutual Automobile Insurance Company's attorney or anyone acting on State Farm Mutual Automobile Insurance Company's behalf.

2.    All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of State Farm Mutual Automobile Insurance Company or State Farm Mutual Automobile Insurance Company's attorney or anyone acting on State Farm Mutual Automobile Insurance Company's behalf.

3.    All photographs taken of any Plaintiff which may be in the possession, constructive possession, custody or control of State Farm Mutual Insurance Company or State Farm Mutual Automobile Insurance Company's attorney or anyone acting on State Farm Mutual Automobile Insurance Company's behalf.

4.    All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff, which are in the possession, constructive possession, custody or control of State Farm Mutual Insurance Company or State Farm Mutual Insurance Company's attorney or anyone acting on State Farm Mutual Insurance Company's behalf.

5.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of State Farm Mutual Insurance Company or State Farm Mutual Insurance Company's attorney or anyone acting on State Farm Mutual Insurance Company's behalf.

6.    All written statements made by any Plaintiff in the possession, constructive possession, custody or control of State Farm Mutual Insurance Company or State Farm Mutual Insurance Company's attorney or anyone acting on State Farm Mutual Insurance Company's behalf.

7.    All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of State Farm Mutual Insurance Company or State Farm Mutual Insurance Company's attorney or anyone acting on State Farm Mutual Insurance Company's behalf.

8.    A copy of all documents filed with any state, county, city, federal or governmental agency, institution, or department containing information about Plaintiff which are in the possession, constructive possession, custody or control of State Farm Mutual Automobile Insurance Company or State Farm Mutual Automobile Insurance Company's attorney or anyone acting

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 23 of 36

CL-19-1318-H

on State Farm Mutual Automobile Insurance Company's behalf.

9.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinion of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

10.     A curriculum vitae or resume for any consulting expert whose mental impressions or opinions has been reviewed by a testifying expert.

11.     Any and all copies of investigation documentation, reports and/or memoranda made by or submitted by State Farm Mutual Automobile Insurance Company, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.     Any and all written communications, including but not limited to letters and memorandums, between agents, employees and/or representatives of State Farm Mutual Automobile Insurance Company prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.     Copies of the entire claim file for each Plaintiff, for the accident made the basis of this lawsuit.

14.     Copies of any contracts or agreements between State Farm Mutual Automobile Insurance Company and any maintenance or repair services in effect on date of accident.

15.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

**CL-19-1318-H**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I have delivered copies of this document on the ~~27th~~ 5th.

day of ~~February~~ March, 2019, to all opposing counsel and/or parties by service of citation and Petition.


_Frank Guerra_
Frank Guerra

**CL-19-1318-H**

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Please be advised that "Plaintiff" "Movant," makes the following discovery requests upon you pursuant to Texas Rules of Civil Procedure 197.

I.

INSTRUCTIONS

1.      Pursuant to Rule 197, you are required to answer fully, factually and in full detail each of the Interrogatories listed herein to the undersigned attorney's office within 30 days of service of this request or under Rule 197.2(a) 50 days after the service of these requests, if served with Plaintiff's Petition.

2.      The attorney of record or the party upon whom these requests are directed should sign his or her name to the Interrogatory answers and return them to the following address:  1122 Pecan Blvd., McAllen, Texas  78501.

3.      A true copy of these discovery requests is being served upon you as the party to be served in accordance with the provisions of Rule 21a.

4.      The Interrogatories which you are requested to answer to the undersigned law offices are listed herein as part of Exhibit "C".

5.      Your answers to the Interrogatories should be answered in the space immediately following the request.  If additional space is required, please continue the answer on a separate sheet of paper.

6.      Your answers should be signed by the party to whom they are directed.  If the party is a public or private corporation, partnership or association, then the answer to the public or private corporation, partnership or association or trust should be signed by an officer or agent of the same and reflect his or her capacity in that organization.

**CL-19-1318-H**

7.      You and your attorney are under a duty to supplement your answers to this discovery request by amending your answers and serving a copy of the amended answers on the undersigned counsel before any hearing on a Motion for Summary Judgment or thirty (30) days before the commencement of trial of this matter.

a.      If you obtain information that may change or modify your answers or if the same was incorrect, modified or changed due to supplemental information received by you, your attorney or other parties under your control you must supplement the answers as specified above.

II.

DEFINITIONS

As used in this list, the words defined below shall be deemed to have the following meanings unless indicated otherwise in an individual request or interrogatory:

**Discovery Request**:  The term "discovery request" includes, but is not limited to, an Interrogatory, Request for Admissions and Request for Production of Documents.

**You**:  The terms "you, your or yourself" refer to Defendant and each and every agent, representative, attorney, employee, contractor, subcontractor or each person acting or purporting to act on that party's behalf or under the party's control or direction.

**Representative**:  The term "representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person in question.

**Person**:  The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau,

**CL-19-1318-H**

department or any other entity.

**Document**: The term "document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, working paper, chart, paper, print, printout from any and all computer disks, tape or records that may be produced from your computer or work processor, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control. Documents include all non-identical copies of the above whether printed, recorded, reproduced by any mechanical means or produced by hand. It includes letters, interoffice memos which are known by each to exist or should be ascertainable through due diligence. All documents which are called for include those which are in your custody or control and are obtainable by or within the knowledge of the corporation or you individually.

**Communication**: The term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever, made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons.

**Identification**: The term "identification" or "identify" or identity" when used in this request include, but are not limited to the following:

**CL-19-1318-H**

1. Natural individual, requires you to state his or her full name and residential address, business address(es), and telephone number;

2. Document requires you to state the number of pages and the nature of the document (e.g., letter of memorandum), its title, its date, the name or names of is authors and recipients, and its present location and custodian;

3. Communication requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication was non-written, to identify the person participating in the communication and to state the date, manner, place, and substance of the communication.

**Identification of Documents**:  With respect to each pleading request, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each pleading request and your answer to that request.

If any or all documents identified in this request are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document:

1. Describe the nature of the document (e.g., letter of memorandum);

2. State the date of the document;

3. Identify the persons who sent and received the original and a copy of the document;

4. State in as much detail as possible the contents of the document; and

5. State the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified in this request on the basis of the attorney-client privilege, the work-product doctrine, or other ground,

CL-19-1318-H

then do the following with respect to each and every document:

1.      Describe the nature of the document (e.g., letter of memorandum);

2.      State the date of the document;

3.      Identify the person who sent and received the original and a copy of the document;

4.      State the subject matter of the document; and

5.      State the basis upon which you contend you are entitled to withhold the document from production.

**Contention Interrogatories**:  When a pleading request requires you to "state the basis of" a particular claim, contention, or allegation, state in your answer the identity of each and every communication, document and each and every legal theory that you contend supports, refers to, or evidences such claim, contention or allegation.

**The Word "Or"**: As used in this request, the word "or" appearing in a discovery request should not be read so as to eliminate any part of the request but, whenever applicable, it should be interpreted as "and/or."  For example, an interrogatory stating "support or refer" should be read as "support and/or refer" if an answer that does both can be made.

**Use of Definitions**:  The use of any particular gender in the plural or singular number of the words defined upon "captions" or "definitions" is intended to include the appropriate gender or number as the text of any particular interrogatory or demand for documents may require.

**Time Period**:  Unless specifically stated in the particular discovery request, all information requested is for the time period five (5) years prior to the date Plaintiff's Original Petition was filed, to the present date.

**CL-19-1318-H**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Texas Rules of Civil Procedure, I have delivered copies of this document on the ~~27th~~ *5th*

day of ~~February~~ *March*, 2019, to all opposing counsel and/or parties by service of citation and Petition.


Frank Guerra

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 31 of 36

**CL-19-1318-H**

## EXHIBIT C

## INTERROGATORIES

1.    Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of State Farm Mutual Automobile Insurance Company, please state your full and correct title and position within the organizational structure of State Farm Mutual Automobile Insurance Company.

**ANSWER**:

2.    State the full name, telephone number, address and your immediate supervisor for your employers for the last ten (10) years.  Please indicate if you have held any ownership interest in this(these) business(es).

**ANSWER**:

3.    State what steps you took in your evaluation of the claim presented by Plaintiff, including in your response the names of all persons who are involved ether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

**ANSWER:**

4.    State the Style, Court and Cause number of any lawsuit involving first party bad faith you have been a party to and the final disposition of said suit, in the last five years.

**ANSWER**:

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 32 of 36

**CL-19-1318-H**

5.      Please state all and any steps taken by you to investigate the claim stemming from the accident involving Plaintiff, including in your response a chronology of your investigation, the names of your representatives involved in the investigation, and a description of the area of your investigation, and conclusions.

**ANSWER**:

6.      Please describe your investigation of the property damage stemming from the accident made the basis of this lawsuit, including references to any photographs, films, and damage/mechanics' estimates.

**ANSWER**:

7.      Please identify all communications you or your representatives had with plaintiffs, including in your response all material representations you made regarding your insurance policy, or any and all provisions of your policy.

**ANSWER**:

8.      Please identify the basis for your delay in reaching an evaluation of the property damage and personal injury claim involved in this lawsuit.

**ANSWER**:

9.      If you contend that Plaintiff's vehicle was not damaged in this collision, please describe the damage incurred and the cost of repairing said damage.

**ANSWER**:

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 33 of 36

**CL-19-1318-H**

10.  If you contend that Plaintiff was not injured in this collision, please describe the basis of your assessment that no one sustained why the medical attention received by Plaintiff was not necessary, and, in the alternative, the basis of your contention that any medical treatment received was excessive.

**ANSWER:**

11.  For any consulting expert whose mental impressions and opinions have been reviewed by a testifying expert, please state or provide all the discovery authorized by Rule 192.3(e). A complete answer will include a list of all witness fees paid within the past five years.

**ANSWER:**

12.  Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded steno-graphically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken. If so, then please also indicate your willingness to allow Plaintiff's attorney to inspect and copy or photograph the same.

**ANSWER**:

13.  Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow Plaintiff's to inspect and copy or photograph the same.

**ANSWER**:

PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURE, ADMISSIONS, PRODUCTION & INTERROGATORIES – Page 34 of 36

CL-19-1318-H

14.     Were any tests, inspections or measurements made or taken with respect to the collision scene or any object involved?  If so, please state the name, telephone number, and address of the person now having custody of any written report concerning each test, inspection or measurement.


**ANSWER**:


15.     Please give a detailed description of your understanding of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

CL-19-1318-H

## VERIFICATION

**STATE OF TEXAS**               §
                                        §

**COUNTY OF**                     §

       BEFORE ME, the undersigned authority, personally appeared _____, who stated, upon oath, that the statements made in the foregoing instrument are within their personal knowledge and are true and correct.


_____
REPRESENTATIVE OF STATE FARM MUTUAL
INSURANCE COMPANY

       SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____, 2019.


_____
NOTARY PUBLIC, STATE OF TEXAS

# EXHIBIT 1-B



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 19544560**
**Date Processed: 03/25/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Cindy Marie Aguilar vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County Court at Law, TX |
| **Case/Reference No:** | CL-19-1318-H |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/22/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Frank Guerra<br>956-627-1066 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# EXHIBIT 1-C

Electronically Submitted
4/12/2019 3:51 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## CAUSE NO. CL-19-1318-H

| | | |
|---|---|---|
| **CINDY MARIE AGUILAR,** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 8 OF** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show this Honorable Court the following:

### I.
### GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition, and any subsequent amendment thereto, and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

Electronically Submitted
4/12/2019 3:51 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

### III.
### TRCP 193.7 NOTICE

Pursuant to Texas Rules of Civil Procedure 193.7, any and all documents produced by Plaintiff in response to Defendant's written discovery are intended to be used by Defendant and shall be deemed as properly authenticated for use against Plaintiff in any pretrial proceeding or trial of this case.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, request judgment of the Court that Plaintiff take nothing by this suit, and, that Defendant be awarded costs and such other and further relief to which it may show it is justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

Electronically Submitted
4/12/2019 3:51 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Frank Guerra
FRANK GUERRA LAW FIRM, PLLC
1122 Pecan Blvd.
McAllen, Texas 78501
Telephone: 956-627-1066
Facsimile: 956-609-9028
frank@frankguerralaw.com
**ATTORNEY FOR PLAINTIFF**

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

# EXHIBIT 1-D

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO. CL-19-1318-H

| | | |
|---|---|---|
| CINDY MARIE AGUILAR, | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 8 OF |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY, | § | |
|     Defendant. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("SFMAIC")**, the Defendant in the above entitled and numbered cause, incorporated under the insurance laws of the State of Illinois and whose principal place of business is Bloomington, Illinois, and files this First Amended Original Answer to Plaintiff's Original Petition, and in support thereof, would show the Court the following:

## I. GENERAL DENIAL

1.     Reserving the right to file other further pleadings, exceptions and/or denials, SFMAIC ("Defendant"), generally denies each and every material allegation contained in Plaintiff's Original Petition, and demands that Plaintiff be required to prove the same by a preponderance of the credible evidence in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

## II. AFFIRMATIVE DEFENSES

2.     Pleading in the alternative, should same be necessary, Defendant would show that Plaintiff has not complied with all conditions precedent necessary for recovery under the policy, including but not limited to, Plaintiff has not established that the liability of an alleged uninsured or underinsured

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

driver and the nature and extent of Plaintiff's damages by either judgment or agreement.

3.        Pleading further and in the alternative, should same be necessary, any recovery by the Plaintiff is limited to the applicable insurance policy limit or limits.

4.        Pleading further and in the alternative, should same be necessary, Defendant seeks an offset and/or credit, if any, for the liability limits and/or payments attributable to any alleged tortfeasor and for any payments made, if any, under the policy or policies in question, including but not limited to Personal Injury Protection benefits, and for any payments made under any other policy providing UM/UIM, PIP benefits, medical payments benefits, or worker's compensation benefits.

5.        Defendant would show it is under no contractual duty to pay benefits until the Plaintiffs herein obtain a judgment establishing the liability and uninsured/underinsured status of the motorist. *Brainard v. Trinity Universal Insurance Company,* 216 S.W.3d 809, 818 (Tex. 2006).  The Supreme Court held that: 1) The insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and uninsured status of the other motorist; 2) Neither requesting benefits nor filing suit against the insurer triggers a contractual duty to pay. *Hensen v. Southern Farm Bureau Casualty Insurance Company,* 17 S.W.3d 652, 653-54 (Tex. 2000). Where there is no contractual duty to pay, there is no just amount owed. *Brainard* at 818; and 3) neither a settlement nor an admission of liability from the other motorist establishes underinsured/uninsured coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the other motorist's liability insurance. *Brainard* at 818. A claim for underinsured/uninsured benefits is not presented until the trial court signs a judgment establishing the negligence of the other motorist.

6.        Pleading further and in the alternative, should same be necessary, Defendant specifically denies that it breached the duty of good faith and fair dealing, or otherwise engaged in any conduct which would justify the award of exemplary damages or that Plaintiff is entitled to recovery of such damages in this case. Defendant similarly specifically denies statutory violations under the Insurance Code and

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

Plaintiff's alleged entitlement to statutory damages for same.

7.      Pleading further and in the alternative, should same be necessary, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.   Defendant affirmatively pleads that Plaintiff's pleading of punitive or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.   Further, to the extent Plaintiff prays for punitive damages, Defendant asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

8.      Pleading further and in the alternative, should same be necessary, Defendant pleads and relies upon the punitive damage limitations contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

9.      Defendant further pleads by way of affirmative defense that at all times material to this lawsuit, liability was not "reasonably clear."   Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear.

10.     Pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** reserves the following rights:

1. The right to elect an application of a dollar-for-dollar credit toward any judgment which may be obtained in this case;

2. The right to a determination by the trier of fact on the issues of percentage and responsibility of the Plaintiffs, each Defendant, each contributing Defendant and any other appropriate person or entities;

3. The right to a full reduction or limitation of any sums which have been or may be

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

recovered by the Plaintiff from any current or former Defendant and any other person or entity; and

4. The right to contribution from any other person or entity found to be liable to the Plaintiff.

11. Texas Civil Practice and Remedies Code Section 41.0105 applies in medical and healthcare damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law. Specifically, recovery of medical or healthcare expenses incurred is limited to the amount actually paid for or incurred by or on behalf of Plaintiffs.

12. Liability, if any, is limited to the applicable limits of the policy in question. Defendant pleads as an affirmative defense pursuant to Rule 194 of the Texas Rules of Civil Procedure the limitation of its liability as stated in the "Limit of Liability" clause contained in the policy sued on. Defendant's liability is limited to the amount of uninsured/underinsured motorist coverage and reduced by any applicable reduction clauses or prorated clauses in said policy, including any offsets or credits to which this Defendant may be entitled.

13. For further answer herein, should any be necessary, Defendant contends that Plaintiff cannot recover attorney's fees from Defendant since it is under no contractual duty to pay benefits until the Plaintiff obtains a judgment establishing the liability and uninsured/underinsured status of the underinsured motorist.

14. Pleading further and in the alternative, should same be necessary, Defendant asserts Plaintiff is suffering from preexisting or subsequent injuries or conditions not proximately caused by the accident at issue, or those having no relation to the incident made the basis of this lawsuit.

15. Pleading further and in the alternative, should same be necessary, Defendant asserts that Plaintiff must comply with Texas Civil Practice and Remedies Code §18.091, which requires a plaintiff who seeks loss of earnings and loss of earning capacity, to provide evidence in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law.

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

16.     Pleading further, Defendant asserts that the demand made by Plaintiff, through her attorney of record, was violative of the "excessive demand doctrine."  Therefore, the Plaintiff is precluded from the recovery of attorney's fees and interest accrued after said excessive demand was made.

## IV.     SPECIAL EXCEPTION

17.     Pleading further, Defendant specially excepts to Plaintiff's Original Petition in that Plaintiff has failed to properly plead the range of damages and maximum amount of damages sought as required by TEX. R. CIV. P. 47.  Accordingly, Defendant respectfully requests that Plaintiff be required to amend the Petition and specify the range of damages sought or the maximum amount claimed as required by TEX. R. CIV. P. 47.  Plaintiff is not permitted to engage in discovery until Plaintiff's Petition is amended to comply with TEX. R. CIV. P. 47.

## V.     PRAYER

WHEREFORE     PREMISES     CONSIDERED,     STATE     FARM     MUTUAL AUTOMOBILE INSURANCE COMPANY requests judgment of the Court that Plaintiff take nothing by this suit, and that Defendant be awarded costs and such other and further relief to which it may be justly entitled.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Dan K. Worthington*
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Dan K. Worthington
State Bar No. 00785282

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

dworthington@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April <u>22</u>, 2019 a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

> Frank Guerra
> FRANK GUERRA LAW FIRM, PLLC
> 1122 Pecan Blvd.
> McAllen, Texas 78501
> Telephone: 956-627-1066
> Facsimile: 956-609-9028
> frank@frankguerralaw.com
> **ATTORNEY FOR PLAINTIFF**

*/s/ Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu

Electronically Submitted
4/22/2019 1:47 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

CAUSE NO. CL-19-1318-H

| | | |
|---|---|---|
| CINDY MARIE AGUILAR,<br>    Plaintiff, | § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NO. 8 OF |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>    Defendant. | § § § § | HIDALGO COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS          §
                                  §
COUNTY OF Collin     §

On this day, Joe Wittenbrink , the Affiant, appeared in person before me, a Notary Public who knows the Affiant to be the person whose signature appears on this document. The Affiant, being duly sworn by me, stated upon his oath that he has read Defendant's First Amended Original Answer and that the factual statements contained within Paragraph II, sentence 2. are true and correct and based on his/her personal knowledge and belief as part of his/her duties as Claim Specialist for State Farm Mutual Automobile Insurance Company.

_____

SUBSCRIBED AND SWORN TO BEFORE ME on the 19 day of April, 2019.

_____
NOTARY PUBLIC, STATE OF TEXAS

MARY LOFTIN
NOTARY PUBLIC
STATE OF TEXAS
ID# 1040456A
EXPIRES 2-2-2020

# EXHIBIT 1-E

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts     Images

# REGISTER OF ACTIONS
## CASE NO. CL-19-1318-H

| | | |
|---|---|---|
| CINDY MARIE AGUILAR VS. STATE MUTUAL AUTOMOBILE INSURANCE COMPANY | § §§§§§ | Case Type: **Injury or Damage - Motor Vehicle (OCA)**<br>Date Filed: **03/06/2019**<br>Location: **County Court at Law #8** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **STATE MUTUAL AUTOMOBILE INSURANCE COMPANY** | **Elizabeth Sandoval Cantu**<br>*Retained*<br>956-294-4800(W) |
| **Plaintiff** | **AGUILAR, CINDY MARIE** | **JUAN FRANCISCO FRANK GUERRA**<br>*Retained*<br>956-609-9031(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/06/2019 | **Original Petition (OCA)**<br>*PLAINTIFFS ORIGINAL PETITION* |
| 03/11/2019 | **Citation Issued**<br>*STATE MUTUAL AUTOMOBILE INSURANCE COMPANY/SENT ELECTRONICALLY* |
| 04/12/2019 | **Answer**<br>*Df's Orignal Answer* |
| 04/22/2019 | **First Amended**<br>*Df's First Amended Original Answer* |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** STATE MUTUAL AUTOMOBILE INSURANCE COMPANY | | | |
| | Total Financial Assessment | | | 4.00 |
| | Total Payments and Credits | | | 4.00 |
| | **Balance Due as of 04/22/2019** | | | **0.00** |
| | | | | |
| 04/12/2019 | Transaction Assessment | | | 2.00 |
| 04/12/2019 | EFile Payments from TexFile | Receipt # 2019-021428 | STATE MUTUAL AUTOMOBILE INSURANCE COMPANY | (2.00) |
| 04/22/2019 | Transaction Assessment | | | 2.00 |
| 04/22/2019 | EFile Payments from TexFile | Receipt # 2019-023099 | STATE MUTUAL AUTOMOBILE INSURANCE COMPANY | (2.00) |
| | | | | |
| | **Plaintiff** AGUILAR, CINDY MARIE | | | |
| | Total Financial Assessment | | | 284.00 |
| | Total Payments and Credits | | | 284.00 |
| | **Balance Due as of 04/22/2019** | | | **0.00** |
| | | | | |
| 03/06/2019 | Transaction Assessment | | | 284.00 |
| 03/06/2019 | EFile Payments from TexFile | Receipt # 2019-013070 | AGUILAR, CINDY MARIE | (284.00) |